JON 0. NEWMAN, Chief Judge:
 

 Pending before us is a motion that occasions our consideration of several procedural questions arising in connection with the recently enacted requirement of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA” or “the Act”), Pub.L. No. 104-132, 110 Stat. 1214, for a “certificate of ap-pealability” (“COA”) as a condition of appealing the denial of an application for collateral attack upon a state or federal conviction under 28 U.S.C. §§ 2254, 2255. These issues are: (1) whether the AEDPA limits the grounds on which a prisoner may appeal the denial of a motion under section 2255, (2) if so, whether the AEDPA may be applied where a section 2255 motion is filed before the effective date of the Act and the notice of appeal from the denial of the motion is filed after the effective date, (3) if so, whether the motion for a COA to appeal the denial of a collateral attack upon a conviction (either under section 2254 or 2255) can and must be initially presented to a district judge, and (4) if so, how a court of appeals is to proceed after the denial of a COA by a district court.
 

 These issues arise on a motion by Marcus Lozada and José Orlando Mieles to “dispense with” a COA in connection with their appeal from an order of the District Court for the Eastern District of New York (Reena Raggi, Judge) that denied their motions under section 2255 to vacate their sentences for drug conspiracy convictions. We conclude that the AEDPA limits the grounds on which section 2255 denials may be appealed, that the AEDPA’s COA requirement may be validly applied to section 2255 motions filed before the Act’s effective date and the notice of appeal from the denial of the motion is
 
 *-571
 
 filed alter the effective date, and that a motion for a COA (in either a section 2254 or a section 2255 case) can be considered by a district court and must be initially presented to a district court. We also outline-the procedure that we will follow in considering whether to issue a COA after denial by a district court.
 

 Background
 

 Lozada and Mieles filed their section 2255 motions, challenging their drug conspiracy convictions, in 1992. The AEDPA became effective on April 24, 1996. The District Court denied their motions on September 27, 1996, and simultaneously denied a COA. The Court subsequently denied their motion for reargument, rejecting their contention that imposition of a COA requirement was unconstitutional. After filing a notice of appeal, movants filed the pending motion to dispense with a COA. Upon the argument of the motion, we asked the parties to submit, and have now received, supplemental letter briefs.
 

 Discussion
 

 Section 102 of the AEDPA amends 28 U.S.C. § 2253 to add, among other provisions, the following language:
 

 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
 

 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
 

 (B) the final order in a proceeding under section 2255.
 

 (2) A certificate of appealability may issue under paragraph (1) only- if the applicant has made a substantial showing of the denial of a constitutional right.
 

 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
 

 I. Scope of Appeal
 

 The scope of habeas corpus under section 2254 to challenge custody pursuant to a state court judgment extends, in terms, to a claim by a person “that he is in custody in violation of the Constitution or laws or treaties of the United States,” 28 U.S.C. § 2254(a), although the Supreme Court has stated that a state court judgment may be collaterally attacked in federal court only on the ground that a constitutional right has been denied.
 
 See Herrera v. Collins,
 
 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). The scope of a motion collaterally attacking a federal court sentence under section 2255 is broader, extending to a claim “that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.” 28 U.S.C. § 2255.
 

 The AEDPA does not purport to limit the substantive grounds on which
 
 a district court
 
 may grant relief under section 2255. However, section 102 of the AEDPA limits to constitutional claims the grounds on which a federal prisoner may
 
 appeal
 
 from the denial of a section 2255 motion. The limitation is accomplished by prohibiting an appeal of an order denying a section 2255 motion unless a COA is issued, 28 U.S.C. § 2253(e)(1)(B), and authorizing a COA “only if the applicant has made a substantial showing of the denial of a constitutional right,”
 
 id.
 
 § 2253(c)(2).
 
 [1]
 

 See Hohn v. United States,
 
 99 F.3d 892 (8th Cir.1996) (COA denied for lack of claim of denial of constitutional right);
 
 see also United States v. Orozco,
 
 103 F.3d 389, 392 (5th Cir.1996) (AEDPA will limit appeals in section 2255 cases).
 

 II. Application of Appeal-Limiting Provision to Pending Section 2255 Motions
 

 The movants do not dispute that the AED-PA limits the scope of an appeal from the
 
 *-570
 
 denial of a section 2255 motion to constitutional claims. On the contrary, their recognition of the limiting effect of the AEDPA on the scope of such appeals is the basis for their contention that the Act may not be validly applied to a section 2255 motion filed before the effective date of the Act. In their view, the narrowing of appellate jurisdiction by eliminating appeals based on such section 2255 grounds as “jurisdictional error” or “error [that] resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure,”
 
 Femia v. United States,
 
 47 F.3d 519, 525 (2d Cir.1995) (citations and quotations omitted), is the reason why this aspect of the AEDPA may not be given retrospective application.
 

 We have previously encountered contentions that provisions of the AEDPA may not be given retrospective application, and have endeavored to resolve such claims in light of the Supreme Court’s latest explication of its retroactivity jurisprudence in
 
 Landgraf v. USI Film Products,
 
 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The Court there stated that generally procedural changes may be applied to pending cases without imposing the sort of “genuinely” retroactive effect that can be imposed, if at all, only if Congress has expressly so provided.
 
 Id.
 
 at 277, 114 S.Ct. at 1503.
 

 In conformity with
 
 Landgraf,
 
 we have applied the AEDPA’s COA requirement to a section 2254 petition filed before the Act’s effective date,
 
 Reyes v. Keane,
 
 90 F.3d 676, 679-80 (2d Cir.1996), but have not applied the AEDPA’s one-year statute of limitations to a section 2254 petition as to which the one-year period had expired before the effective date of the Act,
 
 id.
 
 at 678-79, or the AED-PA’s more deferential standard for assessing state court consideration of constitutional claims to a denial of competent counsel occurring prior to the effective date of the Act,
 
 Boria v. Keane,
 
 90 F.3d 36, 37 (2d Cir.1996) (opinion on rehearing).
 

 We agree with the Eleventh Circuit that application of whatever limiting effect the AEDPA may have on the scope of appeals of denials of section 2255 motions results in the sort of procedural change that does not encounter retroactivity objections.
 
 See Hunter v. United States,
 
 101 F.3d 1565 (11th Cir.1996) (in banc). The movants plainly had no settled expectation of an appeal without the requirement of a COA either at the time they committed their crimes or at the time they suffered the denial of rights of which they now seek to complain.
 
 Id.
 
 at 1571-73;
 
 see Orozco,
 
 103 F.3d at 392.
 
 [2]
 

 Accordingly, the motion to dispense with a COA must be denied. That ruling obliges us to consider the further issue as to whether a district court is the appropriate court to issue a COA
 

 III. District Court Issuance of a Certificate of Appealability
 

 The dispute as to whether a district court has authority to issue a COA arises because of an ambiguity in the language Congress used in section 102 of the AEDPA to simultaneously amend both section 2253 of Title 28 and Rule 22 of the Federal Rides of Appellate Procedure. Amended section 2253, which explicitly applies to both section 2254 and section 2255 petitions, prohibits an appeal “[u]nless
 
 a circuit justice or judge
 
 issues a certificate of appealability.” 28 U.S.C. § 2253(c)(1) (as amended) (emphasis added). The emphasized words could mean either “a circuit justice or a circuit judge” or “a circuit justice and either a circuit or a district judge.” The grammatical issue is whether “circuit” modifies only “justice” or both “justice” and “judge.” Amended Rule 22, which is captioned “Habeas corpus and section 2255 proceedings,” provides:
 

 In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless
 
 a district or a circuit judge
 
 
 *-569
 
 issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment
 
 shall
 
 either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate.
 
 If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals.
 
 If an appeal is taken by a State or its representative, a certificate of appealability is not required.
 

 Fed. R.App. P. 22(b) (as amended) (emphasis added).
 

 The language of section 2253(e) and Rule 22(b) creates several questions. The first is whether a COA can be issued by a district judge, or only by either a circuit justice or a circuit judge, even in a section 2254 case. This question has been comprehensively considered in the unanimous in banc opinion of the Eleventh Circuit in
 
 Hunter,
 
 which ruled that a district judge has authority to issue a COA.
 
 Hunter,
 
 101 F.3d at 1573-83. We are fully persuaded by Judge Carnes’s careful analysis of both the ambiguous texts and the legislative history, and we share his conclusion.
 

 In addition to the points articulated in
 
 Hunter,
 
 we add these further points. First, prior to the AEDPA, it was clear that the predecessor of a COA, a certificate of probable cause (“CPC”), which was required for appeal of the denial of a section 2254 petition, could be issued by a district judge. Before the AEDPA, section 2253 provided that an appeal could not be taken from the denial of a section 2254 petition “unless the justice or
 
 judge who rendered the order
 
 or a circuit justice or judge issues a certificate of probable cause.” 28 U.S.C. § 2253 (pre-AEDPA) (emphasis added). Plainly the emphasized words authorized the district judge who adjudicated the section 2254 petition to issue a CPC. If Congress wished to transfer the “gate-keeping” function for appeals of section 2254 denials exclusively to the courts of appeals, it could be expected to make absolutely clear its intention as to such a significant restructuring of appellate procedure. As
 
 Hunter
 
 explains, the AEDPA does not clearly indicate such a change, and the available evidence points to the maintenance of district court authority.
 

 Second, the AEDPA contains another provision that explicitly assigns to the courts of appeals the “gate-keeping” function for second or successive section 2254 petitions. AEDPA § 106, 28 U.S.C. § 2244(b) (as amended). It is highly unlikely that Congress, after carefully crafting an express provision to divest the district courts of authority to entertain a second or successive habeas corpus petition, in the absence of court of appeals permission, would have ambiguously precluded the district courts from issuing a COA, which is the new version of the former CPC. Such preclusion ought not to be casually inferred from the grammatical possibility that “circuit” modifies both “justice” and “judge” in amended section 2253(c)(1), despite the contrary language of amended Rule 22(b).
 
 [3]
 
 Congress knew how to restrict the role of district judges with respect to habeas corpus procedure, and made its intention to do so clear as to second or successive peti
 
 *-568
 
 tions, but not as to permission to appeal the denial of a first petition.
 

 Third, with the Eleventh Circuit having ruled thoughtfully and comprehensively on the issue of district court authority, we are reluctant to precipitate a circuit split on an issue that will arise almost every day in every district court in the country. Our reluctance would be overcome by compelling arguments opposed to the Eleventh Circuit’s ruling, but we do not believe that such arguments are available.
 

 We therefore uphold the authority of district judges to issue COAs, at least in section 2254 eases.
 

 That conclusion raises the next question of whether a district judge may issue a COA in a section 2255 case. There can be no doubt that a COA is required to appeal from the denial of a section 2255 motion. Amended section 2253(c)(1)(B) makes that explicit. The only basis for doubt as to the authority of a district judge to issue a COA in a section 2255 case arises from the fact that the language of Rule 22(b), which provides considerable justification for construing “circuit justice or judge” in section 2253(c)(1) to include district judges, concerns “a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court,”
 
 i.e.,
 
 a section 2254 proceeding. Nevertheless, the caption of amended Rule 22 is “Habeas corpus and section 2255 proceedings,” and though the combination of the Rule and section 2253 is somewhat ambiguous on this point, as on the similar question concerning district court authority to issue a COA in a section 2254 case, the caption makes sense only if the district court authority to issue a COA in a section 2254 case also applies to a section 2255 ease.
 
 See Orozco,
 
 103 F.3d at 392. Moreover, it would be extremely anomalous to read the phrase “circuit justice or judge” in section 2253(c)(1) to include a district judge for purposes of issuing a COA in a section 2254 case, but only a circuit judge for purposes of issuing a COA in a section 2255 case.
 
 See Hunter,
 
 101 F.3d at 1575 n. 8.
 

 A farther reason for construing section 2253 and Rule 22 in combination to authorize a district court to issue COAs in section 2255 cases arises from comparison of the appellate procedure in such cases before and after the AEDPA. Prior to the AEDPA, a defendant whose section 2255 motion was denied could appeal directly to the court of appeals, without having to obtain the CPC that was required for appeal of a denial in section 2254 cases. By explicitly requiring a COA in order to appeal the denial of a section 2255 motion, as well as the denial of a section 2254 motion, Congress obviously wanted to make an appeal in the former case at least as restricted as an appeal in the latter case. But there is no indication that Congress wanted to make appeal in a section 2255 case
 
 more
 
 restrictive than appeal in a section 2254 case. The evident purpose was to impose a threshold certification requirement on appeals in both types of cases. Authorizing district judges to issue a COA in both section 2254 and section 2255 eases is entirely consistent with that purpose.
 

 We therefore conclude that district judges have authority to issue COAs in section 2255 cases.
 

 That conclusion leads to a further question, which is whether an application to a district judge for a COA, in either a section 2254 or section 2255 ease, is a prerequisite to an appeal of the denial of a petition under either section. Prior to the AEDPA, it was settled that an application for a CPC had to be made to a district court, with an opportunity to apply for a CPC from a court of appeals if the district court denied a CPC.
 
 See, e.g., Grune v. Coughlin,
 
 913 F.2d 41, 44 (2d Cir. 1990). Just as we would expect to see some clear indication of Congressional intent in order to conclude that the AEDPA divests the district courts of
 
 authority
 
 to issue the necessary permission for an appeal, we would expect similar clarity before concluding that Congress intended to permit unsuccessful ha-beas petitioners to avoid the need to seek an exercise of such authority.
 

 Arguably, amended Rule 22(b) suggests that application to a district court is not required because the Rule states that “[i]f no request for a certificate [of appealability] is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges
 
 *-567
 
 of the court of appeals.” However, read in context, this language is properly understood not to dispense with required district court consideration of a COA request, but only to spell out the procedure applicable after a district judge has denied such a request. Amended Rule 22(b) specifies that the district judge who rendered the judgment “shah” either issue a COA or give reasons for denying one, implying that the district judge is required to be the initial COA decision-maker. If the district judge denies a COA, a request may then be made to a court of appeals. At that stage, the Rule continues, a notice of appeal may be construed as a further request for a COA in the event that the appellant has not formally renewed his request for a COA. Rather than dispense with an application to a district court, the amended Rule simply sets forth the sequence of applications — first to the district court and then to the court of appeals.
 

 We therefore conclude that an appellant . seeking to appeal from the denial of either a section 2254 or a section 2255 petition must apply to a district court for a COA
 

 IV. Court of Appeals COA Procedure
 

 In the pending ease, the District Court has denied a COA. That raises the question of whether this Court will issue a COA. In considering this question, we must first decide what obligation the appellant has with respect to a COA. On this point, there is again some surface inconsistency between the language in section 2253 and Rule 22, all adopted in the same section of the AEDPA Section 2253 provides that a COA may be issued “only if the applicant has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2) (as amended). However, Rule 22 provides that, where no “express request for a certificate is filed” with the court of appeals, “the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals.” Fed. R.App. P. 22(b) (as amended). A notice of appeal does not normally set forth the issues to be appealed, much less indicate the substantiality of any constitutional issues.
 
 See
 
 Fed. R.App. P. 3(c) (content of notice of appeal).
 

 We think these provisions can be harmonized by proceeding in the following manner. Where the papers available to the court of appeals (normally, the petition for section 2254 or 2255 relief, the district court’s ruling, and the transcript of a hearing on the motion) make it clear that the appellant has made a substantial showing of a denial of a constitutional right, we will grant a COA. If such papers make it clear that no substantial showing of a denial of a constitutional right exists, we will deny a COA In cases where the matter is unclear, we will treat the notice of appeal as a “request” for a COA as contemplated by Rule 22, but will afford the appellant an opportunity to make the “substantial showing of the denial of a constitutional right,” as contemplated by section 2253.
 

 In the pending case, the defendants’ challenges to their convictions were presented to the District Court in both a motion for a new trial and a motion to vacate their sentences under section 2255. Inspection of the papers available to us does not reveal a substantial showing of the denial of a constitutional right, but does not preclude the possibility of such a showing. Among the contentions is a claim that a government agent falsified his account of one defendant’s statement and a claim that this and other agents are under investigation for lying in other criminal prosecutions. Rather than assess on a sparse record the substantiality of whatever constitutional claim the appellants might have, we will afford the appellants 20 days to submit papers identifying with particularity their basis for claiming a substantial showing of the denial of a constitutional right.
 

 Conclusion
 

 Accordingly, we deny the motion to dispense with a COA and afford the appellants 20 days to demonstrate their entitlement to issuance of a COA.
 

 [1]
 

 . Prior to the AEDPA, no threshold showing was required to appeal the denial of a section 2255 motion, unlike the denial of a section 2254 motion, appeal of which required a certificate of probable cause ("CPC”).
 
 See
 
 28 U.S.C. § 2253 (pre-AEDPA). We have construed the AEDPA to make no substantive change in the standards for a CPC and a COA.
 
 See Reyes v. Keane,
 
 90 F.3d 676, 680 (2d Cir.1996).
 

 [2]
 

 . Because the notices of appeal of both appellants were filed after the. effective date of the AEDPA, we have no occasion to consider whether we would agree with decisions that have declined to apply the AEDPA’s COA requirement to an appeal from the denial of a section 2255 motion where the notice of appeal was filed before the effective date of the Act.
 
 See United States v. Lopez,
 
 100 F.3d 113, 117 (10th Cir. 1996);
 
 Herrera v. United States,
 
 96 F.3d 1010, 1011-12 (7th Cir.1996).
 

 [3]
 

 . We acknowledge that, prior to the AEDPA, this Court had invoked the phrase "circuit justice or judge” in section 2253 to mean a circuit justice or a circuit judge.
 
 See United States ex rel. Rheim v. Foster,
 
 175 F.2d 772, 773 (2d Cir.1949). That was the only plausible construction of section 2253 prior to the AEDPA because section 2253 then used the phrase in distinction to the “judge who rendered the order,”
 
 i.e.,
 
 a district judge. Admittedly, it is anomalous to conclude that the meaning of the phrase "circuit justice or judge” changed when section 2253 was amended by the AEDPA, but it would be even more anomalous to conclude that the language that Congress inserted into amended Rule 22(b), explicitly authorizing a district judge to issue a COA, is devoid of all meaning.