**Anthony VULPIS, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

No. 97 Civ. 2191(CBM).

No. SSS 89 Cr. 446 (CBM).

United States District Court,
S.D. New York.

Aug. 6, 1998.

John J. Meglio, Flushing, NY, for Petitioner.

*Memorandum Opinion Denying
Certificate of Appealability*

MOTLEY, District Judge.

Petitioner Anthony Vulpis ("Vulpis") brings the instant motion pursuant to 28 U.S.C. § 2253. For the reasons set forth below, the application for a certificate of appealability is denied.

On March 29, 1997, Vulpis moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Title 28 U.S.C. § 2255 provides, in relevant part, that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Vulpis is currently serving a 12 year, seven month sentence which was imposed on October 3, 1990 for acts relating to his operation of an illegal garbage dumping ground. *See United States v. Paccione,* 751 F.Supp. 368 (S.D.N.Y.1990). This judge imposed the sentence following a 12–week trial at which a jury found Vulpis guilty of racketeering, racketeering conspiracy, and mail fraud. The Second Circuit affirmed Vulpis' conviction and sentence on appeal. *See United States v. Paccione,* 949 F.2d 1183 (2d Cir. 1991). Vulpis also moved for a new hearing in 1991 based on alleged newly-discovered evidence that the environmental contamination at the waste site predated Vulpis' illegal use of the site. This motion was denied and the denial was summarily affirmed by the Second Circuit. *See United States v. Paccione,* 962 F.2d 4, Nos. 91–1669, 91–1693, 91–1694 (2d Cir. March 27, 1992); Tr. at 7.[1] Vulpis then collaterally challenged his sentence, pursuant to 28 U.S.C. § 2255, on three grounds:

1. The court allegedly used an improper offense level in the sentencing based on uncharged and unconvicted environmental offenses.

2. Allegedly there had been an intervening change in the law.

3. Allegedly Vulpis received ineffective assistance of counsel.

On June 2, 1998, this court held a hearing on Vulpis' § 2255 motion. This court denied the motion, on the record, due to Vulpis' failure to make an adequate investigation of his contention that the landfill environment was not harmed and due to want of legal support for the other two contentions. *See* Tr. at 11, 12, 17, 20, 21. Because of this denial, Vulpis must obtain a certificate of appealability from this court before he may appeal the denial of the § 2255 motion to the Second Circuit. *See Lozada v. U.S.,* 107 F.3d 1011, 1014—17 (2d Cir.1997), overruled

---

1. "Tr." refers to the transcript of the oral argument of the § 2255 motion on June 2, 1998.

on other grounds by *U.S. v. Perez*, 129 F.3d 255 (2d Cir.1997).

This court now determines that the petitioner has failed to make the requisite "substantial showing of the denial of a constitutional right" and, therefore, declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.").