**UNITED STATES of America, Respondent,**

**v.**

**Edwin MALDONADO, Petitioner.**

**No. CR 89–229.**

United States District Court, E.D. New York.

April 6, 2001.

Ruth M. Liebesman, New York City, for Petitioner.

Loretta Lynch, U.S. Attorney (by Jo Ann Navickas, Asst. U.S. Attorney), Brooklyn, NY, for respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a petition by Edwin Maldonado ("Maldonado" or "petitioner") for resentencing pursuant to the purported authority of the Court under 28 U.S.C. § 2241, 28 C.F.R. § 571.60, and 18 U.S.C. § 3582(c)(1)(A). Maldonado claims that his rehabilitation while incarcerated entitles him to early release and, therefore, the Bureau of Prisons ("BOP") erred in refusing to move this Court for such a reduction based on the alleged existence of extraordinary and compelling reasons.

## I. BACKGROUND

On December 23, 1990, Edwin Maldonado ("Maldonado" or the "petitioner") was convicted, after a seventeen-week jury trial, of conspiracy to distribute and to possess with intent to distribution narcotics (in violation of 21 U.S.C. § 846), interstate travel in aid of racketeering enterprise (in violation of the Travel Act, 18 U.S.C. § 1952(a)(3)), possession of an unregistered firearm (in violation of 26 U.S.C. § 5861), and criminal racketeering (in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962). This Court sentenced Maldonado to 220 months of imprisonment, five years of supervised release, and a special assessment of $200. The Second Circuit affirmed Maldonado's conviction and sentence without opinion on August 17, 1992. *See United States v. Melendez*, 978 F.2d 705, 1992 WL 295561 (2d Cir. 1992). The United States Supreme Court denied certiorari on January 24, 1994. *See Maldonado v. United States*, 510 U.S. 1100, 114 S.Ct. 942, 127 L.Ed.2d 232 (1994).

This Court denied Maldonado's petition for a writ of habeas corpus under 28 U.S.C. § 2255 on February 15, 1997, and denied his application for a certificate of appealability from that order on April 4, 1997. *See Maldonado v. United States*, 960 F.Supp. 23 (E.D.N.Y.1997). Maldonado appealed from the denial of his habeas petition, and the Second Circuit affirmed this Court's decision on April 6, 1998, in an unpublished opinion.

Maldonado is currently incarcerated in the Federal Correctional Facility at Fort Dix, New Jersey. On April 7, 1999, Maldonado filed a "Request to the Warden at F.C.I. Fort Dix for a Motion for an Order of Compassionate Release" with Warden Arthur Beeler. A draft "Motion for an Order for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)" was submitted for the Warden's consideration. On April 13, 1999, the Warden denied Maldonado's request. The Warden praised Maldonado's work in the prison bicycle shop but found that in light of the fact that Maldonado had been convicted "of extremely serious RICO violations involving large amounts of narcotics and large-scale firearm trafficking," Maldonado did not deserve a compassionate release that would provide for his release six years prior to his projected release date. The Warden further noted that assuming Maldonado receives all Good Conduct Time (GCT)

available under 18 U.S.C. § 3624(b), his projected release date is August 13, 2005.

On April 29, 1999, Maldonado filed a Request for an Administrative Remedy, requesting that the Warden reconsider his denial on the grounds that the denial was improperly based upon: (1) inaccurate information in the Presentence Report; (2) the seriousness of Maldonado's crimes rather than his allegedly extraordinary rehabilitation; and (3) the Warden's belief that Maldonado was requesting early release, when in fact, he was requesting to be resentenced to a shorter term based on his "extreme institutional rehabilitation." On May 11, 1999, the Warden denied Maldonado's request for Administrative Remedy.

On May 26, 1999, Maldonado filed a timely request for a "Regional Administrative Remedy," arguing that he met the criteria under 18 U.S.C. § 3582(c)(1)(a) based upon extraordinary rehabilitation. On June 25, 1999, the Regional Office of the Bureau of Prisons denied Maldonado's appeal. The Regional Office stated that they believed Maldonado's efforts in the Bicycle Shop were admirable; however, the circumstances of his offenses were too serious to support referring his case for a reduction.

On July 14, 1999, Maldonado appealed the decision of the Regional Office to the Central Office for the BOP. That Central Office denied Maldonado's request on August 11, 1999, stating that 18 U.S.C. §§ 3582(c)(1)(A), 4205(g) indicate that a compassionate release is recommended at the discretion of the Warden when "extraordinary or compelling" circumstances are present. The decision further stated that the BOP interprets the language "extraordinary and compelling" in the text of section 3582(c)(1)(A)(i) to apply only to those circumstances in which the inmate is diagnosed with a serious medical condition.

Generally, the condition must be terminal with a determinable life expectancy. The Central Office concluded by holding, "while your rehabilitation is commendable, it is not a sufficient justification for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)."

Presently before the court is Maldonado's petition for resentencing pursuant to the Court's authority under 28 U.S.C. § 2241, 28 C.F.R. § 571.60, and 18 U.S.C. § 3582(c)(1)(A). Maldonado claims that his attack on the BOP's interpretation of these sections is cognizable under 28 U.S.C. § 2241.

## II. *DISCUSSION*

■ Maldonado's reliance upon 18 U.S.C. § 3582 is misplaced. Section (c) of the statute provides for modification of a sentence in only three specific circumstances. In order to have his sentence modified, a petitioner need only show that his case falls within one of these three types of situations. *See* 18 U.S.C. § 3582(c). One circumstance in which a sentence may be modified is when the Director of the Bureau of Prisons moves the Court for such a modification because the Bureau has found either (1) that "extraordinary and compelling" reasons warrant such a modification, 18 U.S.C. § 3582(c)(1)(A)(i), or (2) that a defendant, who is at least 70 years old and who has served at least 30 years in prison, is no longer a danger to the safety of the community, 18 U.S.C. § 3582(c)(1)(A)(ii). The second situation in which a sentence may be modified is when the Court finds that such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute permit the modification. 18 U.S.C. 3582(c)(1)(B). The third instance in which a sentence may be modified pursuant to section 3582 occurs when there has been an amendment to the Sen-

tencing Guidelines so that the range upon which the defendant's sentence was based has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. 3582(c)(2). Maldonado fails to allege that his case falls within any of these three situations. Therefore, he fails to state a claim under 18 U.S.C. § 3582(c).

 Maldonado also argues that this Court has the authority, pursuant to 28 U.S.C. § 2241 to review the BOP's denial of his request for compassionate release. The ordinary vehicle for a federal prisoner to seek habeas relief is 28 U.S.C. § 2255, under which the prisoner may have his sentence vacated or set aside. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 2001 WL 277713 at *3 (2d Cir.2001). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Id.* at *3, 243 F.3d 629 citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir.1997); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir.1991); *Kaiser v. United States*, 2001 WL 237382 *2 (S.D.N.Y.2001) (holding that a claim for sentencing credit constitutes a challenge to the execution of the sentence, which is construed as a petition for a writ of habeas corpus); *Garrett v. Menefee*, 2001 WL 170678 *1 (S.D.N.Y. 2001) (finding that challenges to the Bureau of Prisons' calculation of a sentence are properly raised under section 2241). Judicial review is available only after the petitioner has exhausted his administrative remedies. *See Rosemond v. Menifee*, 137 F.Supp.2d 270 (S.D.N.Y.2000) citing *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir.1999).

Because Maldonado is requesting an early or compassionate release or reduction in his sentence based on his conduct while in prison, the Court finds that Mal-

donado's petition is a challenge to the execution of his sentence, rather than to the underlying conviction. Accordingly, section 2241 is the proper vehicle for review. In addition, Maldonado has exhausted his administrative remedies under 28 C.F.R. 571.60, *et. seq.* by requesting that the Warden reconsider his initial decision, by appealing the Warden's final decision to the BOP's Regional Director, and by appealing the Regional Director's denial to the BOP's Central Office. Indeed, the Government does not dispute that Maldonado has exhausted his administrative remedies. Thus, Maldonado's petition is properly filed under section 2241. *See Carmona*, 243 F.3d 629, 2001 WL 2777123 *3; *Rosemond*, 137 F.Supp.2d 270, 2000 WL 187665 *1 (finding that habeas corpus petition was properly filed under section 2241 where the defendant was disputed the BOP's calculation, and he had exhausted his administrative remedies).

 Whether this Court has jurisdiction over the petition, however, is another matter. It is well settled that "[i]n order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). Thus, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be addressed to the district court in the district where the petitioner is confined and his custodian is located. *See* 28 U.S.C. § 2241; *Kaiser*, 2001 WL 237382 *2; *Garrett*, 2001 WL 170678 *1; *Tejeda v. Reno*, 2000 WL 1280969 *1 (S.D.N.Y.2000); *John v. United States*, 1999 WL 1267464 *2 (S.D.N.Y.1999); *Baig v. United States*, 1999 WL 1487602 *3 (E.D.N.Y.1999). Maldonado is incarcerated in New Jersey, and his custodian is located there as well. Therefore, he should have brought his section 2441 petition in the United States District Court for the District of New Jer-

sey. Accordingly, this Court lacks the authority to decide the petition. .

Notably however, the language courts use to describe the forum in which a section 2441 petition should be filed is not mandatory. Indeed, had Maldonado filed his petition in the District of New Jersey, that court may have found that this Court, where petitioner was tried and sentenced and where his section 2255 petition was decided, is in the better position to determine whether the BOP properly decided Maldonado's request for a compassionate release.

■ If this Court had jurisdiction to decide Maldonado's section 2241 petition, the Court would not alter the BOP's interpretation of 18 U.S.C. § 3582(c)(1)(A). That statute provides that the Director of the Bureau of Prisons may move a court to reduce a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Where, as here, "Congress has enacted a law that does not answer 'the precise question at issue,' all we must decide is whether the Bureau ... has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design." *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 722–23, 148 L.Ed.2d 635 (2001) (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 257, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) (citing *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984))). In the Court's opinion, the BOP's interpretation of "extraordinary and compelling reasons" is reasonable.

In the BOP's final decision on Maldonado's application for a compassionate release, the BOP stated that its Program Statement 5050.46 "indicates that a compassionate release is recommended at the discretion of the Warden when there are particularly 'extraordinary or compelling' circumstances present. The Bureau generally interprets the language 'extraordinary and compelling' in the text of § 3582(c)(1)(A)(i) to apply only to those circumstances where the inmate is diagnosed with a serious medical condition. Ordinarily, the condition must be terminal, with a determinable life expectancy" (Government's Exhibit 11). The Court finds that this interpretation of "extraordinary and compelling" is reasonable, because it limits the number of people eligible for compassionate release to those cases that are truly extraordinary and that may be decided on an objective basis. Moreover, the BOP's interpretation is still broad enough for it to apply to the rare defendant whose circumstances do not match the BOP's traditional definition of "extraordinary and compelling," but whom the BOP nonetheless determines is deserving of a compassionate release. In this case, the BOP reasonably found that Maldonado did not fall into that latter category given the seriousness of the crimes of which he was convicted.

■ In sum, the Court commends the petitioner's efforts to change his life, assist other inmates, and contribute to the community surrounding the prison. In particular, the Court notes the petitioner's work restoring discarded bicycles; distributing those bicycles to needy children; and creating a facility in which he and other inmates can perform this work. However, the petitioner has failed to state a cause of action under 18 U.S.C. § 3582(c)(1)(A)(i). Furthermore, even if the Court had the authority to decide the petitioner's section 2441 claim, it would find that the BOP's interpretation of 18 U.S.C. § 3582(c)(1)(A)(i) was reasonable as it applied to Maldonado.

### III. *CONCLUSION*

Having reviewed the submissions of the parties, it is hereby

**ORDERED,** that the petitioner's "Petition for Resentencing Pursuant to This Court's Authority Under 28 U.S.C. § 2241, 28 C.F.R. § 571.60 and 18 U.S.C. § 3852(c)(1)(A)" is **DENIED.**

**SO ORDERED.**