MERRITT, Circuit Judge,
concurring.
In order to allow this court to make a clear ruling on this case, I concur in Judge Clay’s opinion; and I agree with his criticism of the Kincade and Lozada cases. When read in conjunction with the familiar rule of lenity, which we are required to apply in criminal cases, the language of § 2253(c)(1) should not be read as a jurisdictional bar to our consideration of this case on the merits. The language — “a circuit justice or judge” — allows a single circuit judge to allow an appeal in a “habeas” proceeding which includes “a proceeding under section 2255.” Our court’s previous ruling that we lack jurisdiction unless the request to appeal is first presented to the district court that has denied the petition cannot be squared with the language of § 2253(c)(1).
In addition, based on the record now before us, I can find no compliance with the Castro case by the district court, and therefore no procedural bar to deciding petitioner’s claim on the merits. The procedural morass created in this and similar cases is just another instance of spinning our back wheels in the mud when we could more easily shift to front wheel drive and decide the case on the merits.
RONALD LEE GILMAN, Circuit Judge, concurring in the judgment only.
I write separately because I am not prepared to criticize the Second Circuit’s decision in Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir.1997), or this court’s binding precedent in Kincade v. Sparkman, 117 F.3d 949, 953 (6th Cir. 1997). To the contrary, the reasoning in Lozada strikes me as persuasive, though I would keep an open mind if and when I *496 were ever properly presented with the question at issue.
But as both of my colleagues acknowledge, we lack the authority to overrule Kincade’s holding that Rule 22 of the Federal Rules of Appellate Procedure requires a § 2255 petitioner to seek a certificate of appealability from the district court before applying to a circuit judge. See 117 F.3d at 953. The language in the lead opinion criticizing Kincade and Lozada is therefore dicta, and I see no reason to engage in an extended discussion over a question of law that has been settled in this circuit until such time as either the Supreme Court or this court sitting en banc decides otherwise.