*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0200p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: LARRY NAILOR,

                                        *Movant.*

_____

LARRY NAILOR,

                                        *Petitioner,*

            *v.*

UNITED STATES OF AMERICA,

                                        *Respondent.*

No. 06-6445

>

Transfer from the United States District Court
for the Western District of Tennessee at Memphis.
No. 00-02020—Bernice B. Donald, District Judge.

Submitted: January 18, 2007

Decided and Filed: May 31, 2007

Before: MOORE and GRIFFIN, Circuit Judges; McKINLEY, District Judge.[*]

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Movant Larry Nailor ("Nailor"), a federal prisoner, filed a motion for relief from judgment in the federal district court pursuant to Federal Rule of Civil Procedure 60(b). The district court construed the motion as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Nailor required authorization from this court before filing a second or successive § 2255 motion, and, accordingly, the district court transferred the motion to us. We conclude that the district court did not err by construing Nailor's Rule 60(b) motion as an attempt to file a second or successive § 2255 motion, and we **DENY** Nailor authorization to file a second or successive § 2255 motion because Nailor has not met the applicable statutory requirements.

On October 8, 1993, Nailor was charged with one count of possession with intent to distribute approximately fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On August 8, 1997, Nailor was convicted as charged, and on November 7, 1997, he

---

[*] The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

was sentenced to life in prison. Nailor appealed his sentence, arguing that the government did not prove that the drug at issue was crack cocaine. We affirmed Nailor's sentence. *United States v. Nailor*, No. 97-6453, 1999 WL 357763 (6th Cir. May 10, 1999) (unpublished opinion).

Nailor then filed a § 2255 motion to vacate his sentence, raising three claims: 1) that evidence discovered pursuant to a search warrant should have been suppressed; 2) that the trial court improperly instructed the jury regarding constructive possession of drugs; and 3) that his trial counsel was ineffective for failing to challenge the quantity of crack cocaine calculated and relied upon for sentencing purposes. On March 3, 2000, the district court denied the § 2255 motion and denied Nailor a certificate of appealability, and later we also denied Nailor a certificate of appealability. Thereafter, Nailor filed a motion in this court requesting authorization to file a second or successive § 2255 motion, seeking to raise a claim based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which we denied. *Nailor v. United States*, No. 00-5404 (6th Cir. June 12, 2000) (unpublished order).

On December 19, 2005, Nailor filed in the district court the motion at issue here, entitled "Motion to Reinstate Habeas Corpus Proceedings Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure to Cure Errors, Irregularities and Procedural Defects Affecting the Integrity of the Proceedings," in which Nailor sought reconsideration of the district court's March 3, 2000 order denying his initial § 2255 motion. Case No. 2:00-cv-02020-BBD, District Court Docket Entry 11 ("R.11"). Nailor argued that the indictment against him alleged that the quantity of cocaine base at issue was "approximately 50 grams," Case No. 2:00-cv-02020-BBD, R.14 at 2 ¶ 4, and that he therefore should not have been sentenced to a mandatory term of life in prison under 21 U.S.C. § 841(b)(1)(A), which specifies penalties when the quantity of cocaine base at issue is "50 grams or more," 21 U.S.C. § 841(b)(1)(A)(iii). The district court determined that Nailor's Rule 60(b)(6) motion was actually a second or successive § 2255 motion and, accordingly, transferred the motion to us so that Nailor could request authorization to file a second or successive § 2255 motion. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

We first must address whether the district court correctly determined that Nailor's Rule 60(b)(6) motion was actually a second or successive § 2255 motion. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court considered the relationship between Rule 60(b) and habeas review. Although the *Gonzalez* Court explicitly limited its holding to the relationship between Rule 60(b) and 28 U.S.C. § 2254, *id.* at 529 n.3, its reasoning dictates our resolution of the issue at hand. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying the *Gonzalez* Court's "mode of analysis" to a case involving § 2255). In *Gonzalez*, the Court first noted that Rule 11 of the Rules Governing Section 2254 Cases makes clear that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Id.* (quoting Rule 11, Rules Governing Section 2254 Cases) (alteration in original) (footnote omitted). Similarly, Rule 12 of the Rules Governing Section 2255 Proceedings makes clear that the Federal Rules of Civil Procedure apply to § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings. Thus, the question before us regarding § 2255 is identical to that facing the *Gonzalez* Court regarding § 2254: "whether [the] provisions [of § 2255] limit the application of Rule 60(b) to the present case." *Gonzalez*, 545 U.S. at 530.

In *Gonzalez*, the Court noted that the limitations on a second or successive § 2254 filing set forth in 28 U.S.C. § 2244[1] apply, by their terms, only to a "habeas corpus application." *Id.* The

---

[1] Title 28 U.S.C. § 2244 states, in relevant part:

    (1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Court further noted that "it is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* Therefore, the Court reasoned, a Rule 60(b) motion that raises a claim, defined for purposes of § 2244(b) as "an asserted federal basis for relief from a state court's judgment of conviction," *id.*, "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute," *id.* at 531. The Court provided helpful instructions for determining when a Rule 60(b) motion raises a claim:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnotes omitted).

The language of § 2255 differs from that of § 2254 and § 2244, but ultimately leads us to the same result. Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. Thus, where § 2254 and § 2244 speak of habeas corpus applications and claims, § 2255 speaks of motions to vacate, set aside, or correct the sentence. Still, much of the *Gonzalez* Court's reasoning is applicable. A Rule 60(b) motion that attempts "to add a new ground for relief" is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion. *See Gonzalez*, 545 U.S. at 532. Likewise, a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under

---

(2)     A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
      (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

the substantive provisions of the statutes, entitled to habeas relief."[2] *See id.* In at least these two circumstances, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*

Judged against these standards, it is clear that the district court correctly determined that Nailor's Rule 60(b)(6) motion was actually a second or successive § 2255 motion in disguise. Nailor argued that he could not be sentenced lawfully under provisions that specify penalties when the quantity of cocaine base at issue is fifty grams or more because the indictment against him alleged only that the quantity of cocaine base at issue was *approximately* fifty grams. Although it is not entirely clear, Nailor's Rule 60(b)(6) motion could be read to attack the district court's resolution of his previous § 2255 motion, which raised an ineffective-assistance-of-counsel claim based on a similar argument. As explained above, to the extent that Nailor's Rule 60(b)(6) motion attacks the district court's previous resolution of a claim on the merits, we consider the motion a § 2255 motion. Alternatively, Nailor's Rule 60(b)(6) motion could be read to raise a new claim for relief. To this extent, we also consider the Rule 60(b)(6) motion to be a § 2255 motion, as explained above. *Cf. Nelson*, 465 F.3d at 1148-49 (concluding that a motion that attempts to raise a new substantive claim for habeas relief should be considered as a § 2255 motion). Accordingly, we conclude that the district court correctly construed Nailor's Rule 60(b)(6) motion as a § 2255 motion.[3]

Because all of Nailor's arguments could have been raised in his first § 2255 motion, the § 2255 motion at issue is a second or successive § 2255 motion that requires our authorization for filing. *See In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). To obtain authorization, Nailor's second or successive § 2255 motion must be based upon:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8. Nailor has not pointed to any new evidence and thus cannot satisfy subsection (1). Nailor's argument could be read to rely on *Apprendi v. New Jersey*, but the Supreme Court has not held that *Apprendi* applies retroactively to cases on collateral review, and thus Nailor also cannot

---

[2] To be clear, we use the phrase "on the merits" in essentially the same way as did the *Gonzalez* Court: The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error), he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. *Gonzalez*, 545 U.S. at 532 n.4 (internal citation omitted).

[3] We note that, under the rule set forth in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), a district court normally must provide notice to the movant and an opportunity to withdraw the motion before recharacterizing a motion as a § 2255 motion. *Id.* at 622. Our reason for adopting that rule was to ensure that a movant knowingly took advantage of his or her one chance to file a § 2255 motion, as subsequent § 2255 motions face the second-or-successive provision's steep hurdle. *Id.* at 621. When, as in the case at hand, a movant has previously filed a § 2255 motion, the rule of *In re Shelton* is of no consequence. *See Nelson*, 465 F.3d at 1149.

satisfy subsection (2).  Accordingly, we **DENY** Nailor authorization to file a second or successive § 2255 motion.