NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0574n.06
Filed: August 10, 2007

No. 05-2724

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DANI HOURANI, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

**Before: BOGGS, Chief Judge; CLAY, and ROGERS, Circuit Judges**

**ROGERS, Circuit Judge.**     Dani Hourani appeals the district court's denial of his Rule 60(b) motion, in which he alleged that the district court misunderstood the nature of the issue presented and, therefore, ruled incorrectly on Hourani's claim of ineffective assistance of counsel that he raised in his original § 2255 motion. After the district court denied the motion as an unauthorized second or successive § 2255 motion, Hourani sought and received a certificate of appealability from this court. Because Hourani's Rule 60(b) motion asserts a claim, it is a second or successive § 2255 motion, and the district court should have transferred the case to this court. Treating his appeal as a motion for permission to file a second or successive § 2255 motion, we deny it because it does not meet the statutory criteria for granting such a motion.

Hourani was convicted and sentenced in the Eastern District of Michigan for conspiracy to murder a federal witness and for aiding and abetting the killing of another person to prevent that person from communicating with law enforcement or attending and testifying at an official proceeding. Hourani appealed his convictions, arguing, among other things, that his trial counsel

was ineffective for failing to move for judgment of acquittal based on insufficient evidence. A panel of this court rejected Hourani's claim of ineffective assistance of counsel on the merits. *United States v. Hourani*, 172 F.3d 50 (6th Cir. 1999) (unpublished).

Hourani retained Richard B. Mazer, who filed a motion to vacate Hourani's sentence on March 8, 2000. In his § 2255 motion, Hourani raised three claims of ineffective assistance of counsel, including a claim that his trial counsel was ineffective for not following Hourani's direction to challenge the jury selection procedures then used in the Eastern District of Michigan and struck down by this court in *United States v. Ovalle*, 136 F.3d 1092, 1100, 1107 (1998) (holding that the procedure, which struck every fifth non-African-American from the jury wheel, violated the Jury Selection and Service Act and the Equal Protection Clause of the United States Constitution). The Government filed a response to Hourani's § 2255 motion, and Hourani thereafter filed a traverse and reply memorandum, and three supplemental reply memoranda. Hourani also filed a motion seeking discovery.

On August 8, 2001, the district court denied Hourani's § 2255 motion and Hourani's motion seeking discovery. The district court concluded that Hourani's complaint with the jury selection procedures stemmed from a fear that African-Americans were prejudiced against Arab-Americans and that such fear was not a proper basis for challenging the jury selection procedures. Furthermore, the district court noted that that Hourani had not suffered prejudice because no African-Americans served on his jury due to the fact that his attorney had admittedly used peremptory challenges to remove all of the African-Americans from the panel.[1] Hourani filed a motion for reconsideration on September 6, 2001. The district court denied the motion and denied a certificate of appealability

---

[1]The district court also concluded that Hourani was collaterally estopped from raising a new claim of ineffective assistance of counsel in a § 2255 proceeding because he had raised an ineffective assistance of counsel claim on direct review (even though the claim raised on direct review was based on different facts). The Sixth Circuit has not decided the issue of whether a defendant can properly bring some ineffective assistance of counsel claims on direct appeal and save others for collateral review. It is unnecessary for us to reach that issue in this appeal.

on October 5, 2001. This court denied Hourani's application for a COA on January 11, 2002 and Hourani's petition for rehearing en banc was also denied. Finally, Hourani's new attorney, Carole Stanyar, filed a petition for a writ of certiorari, which the Supreme Court denied on October 7, 2002. *Hourani v. United States*, 537 U.S. 886 (2002).

On October 6, 2003, Hourani filed a pro se motion pursuant to Rule 60(b) "for relief from mistake(s) in proceedings effecting [sic] substantial rights/laws in Movant's §2255 Petition for review."[2] Hourani claimed that he was entitled to relief from the district court's denial of his § 2255 motion because the district court was mistaken in its understanding of the nature of his ineffective assistance of counsel claim. The district court concluded that Hourani's motion was an unauthorized second or successive § 2255 motion and denied it on December 7, 2005. Hourani filed a timely notice of appeal on December 16, 2005, and this court issued a certificate of appealability on September 20, 2006.

Because Hourani's Rule 60(b) motion asserts a claim, the district court properly construed it as a second or successive § 2255 motion made without prior certification from this court. Hourani maintains that his Rule 60(b) motion does not seek a re-evaluation on the merits of his ineffective assistance of counsel claim nor does it raise a new claim. Instead, Hourani asserts that the motion attacks the integrity of the proceedings because the district court never squarely addressed the merits of his ineffective assistance of counsel claim. Hourani relies on the Supreme Court's decision in *Gonzales v. Crosby*, 545 U.S. 524, 532-33 (2005), where the Court held that a motion pursuant to Rule 60(b) is an appropriate avenue for relief and is not a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of the claim on the merits, but some

---

[2]Although Hourani retained counsel who moved in the district court to amend Hourani's Rule 60(b) motion, the district court denied the motion, concluding that it added little to Hourani's pro se motion. Thus, Hourani's pro se motion was before the district court.

defect in the integrity of the federal habeas proceedings."[3] Where a Rule 60(b) motion presents a "claim," such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion. *Gonzales*, 545 U.S. at 532.

We need not decide the applicability of Rule 60(b) where a petitioner's claim truly is ignored by the federal courts, because a cursory review of Hourani's Rule 60(b) motion reveals that the substance of Hourani's complaint is that Mazer, Hourani's attorney in the § 2255 proceedings, failed to present the ineffective assistance of counsel claim properly, leading the district court to rule on a claim different from what Hourani intended to assert. This kind of argument presents an issue of counsel's performance, not a claim of error on the part of the district court. Indeed, the Supreme Court in *Gonzales*, noted "that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5 (internal citation omitted). Our court in *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005), similarly concluded that a Rule 60(b) motion based on counsel's failure to conduct discovery after obtaining leave from the district court to do so was a second or successive habeas petition because the defendant was pursuing a claim "lead[ing] inexorably to a merits-based attack on the prior dismissal of his habeas petition."

Hourani cannot salvage his claim by laying the blame for any error at the doorstep of the district court for allegedly failing to understand the claim that Hourani made, especially when it is clear from the Rule 60(b) motion that Hourani faults his attorney for leading the district court astray. Consequently, the district court did not err when it relied on the arguments that Hourani's counsel presented in the § 2255 proceedings. If the district court failed to understand the "real" claim being

---

[3]Although the Court in Gonzales limited its holding to petitions under 28 U.S.C. § 2254, this court in *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007), held that the Court's rationale applied to motions made pursuant to § 2255.

made, Hourani's counsel is at fault and such "error" is not the kind for which Rule 60(b) can be used to circumvent limits on second or successive § 2255 motions.

Although the district court was correct in its determination that Hourani's Rule 60(b) motion was a second or successive § 2255 motion, the proper course was for the district court to transfer the case to this court for certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Treating the appeal as a request for certification, we deny it. This court cannot grant permission to file a second § 2255 motion absent a prima facie showing that (1) there is newly discovered evidence which clearly and convincingly exonerates the movant; or (2) the claim relies on a new and previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255. Because Hourani concedes that he meets neither of these requirements, he is not entitled to file a second § 2255 motion. Having denied Hourani's request for permission to file a second or successive § 2255 motion, we affirm the judgment of the district court dismissing the second petition.