**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0436n.06
Filed: July 22, 2008

**No. 06-1926**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

KEVIN TYRONE WILSON,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

/

**BEFORE:**     **MERRITT, CLAY and GILMAN Circuit Judges.**

    **CLAY, Circuit Judge.** Petitioner Kevin Tyrone Wilson filed a *pro se* motion, which he styles as a motion seeking relief from a district court's judgment pursuant to "28 U.S.C. Rule 60(B)(6)." (J.A. 11) The district court construed this motion as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), and denied the motion on the grounds that an unpublished, February 3, 2005 order of the Sixth Circuit had already denied identical claims to those raised in Petitioner's motion. Because Petitioner has not sought a certificate of appealability from the district court, this Court lacks jurisdiction to hear the present appeal. Accordingly, we **DISMISS** this appeal.

**BACKGROUND**

On June 1, 1990, Petitioner was convicted of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was eventually sentenced to 360 months incarceration for this crime.

Early in his incarceration, on December 29, 1992, Petitioner sent a letter to the district court asking that his federal sentence run concurrently with a five and one-half year sentence that he had previously received in Michigan state court. In a May 14, 1993 order, the district court construed Petitioner's letter as a habeas petition brought under 28 U.S.C. § 2255, and granted the petition.

On April 23, 1997, Petitioner filed an additional motion in the district court, styled as a "Motion to Vacate Conviction and/or Sentence Pursuant to 28 U.S.C. § 2255." (J.A. 31) The district court deemed this motion to be a second or successive habeas petition, and transferred the motion to this Court. This Court agreed with the district court's characterization of Petitioner's motion, and declined to certify Petitioner's second or successive habeas petition.

Between 2001 and 2003, Petitioner sought permission to file three additional habeas petitions, and this Court denied him permission in each instance. On December 15, 2003, however, the Supreme Court decided *Castro v. United States*, 540 U.S. 375 (2003), which held that "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

This time represented by counsel, Petitioner filed yet another motion for habeas relief on August 11, 2004. In this motion, Petitioner argued that it should be construed as a first habeas petition because, under *Castro*, the district court "erred in construing Wilson's 1992 letter as a § 2255 motion because the warnings enunciated in the *Castro* decision were not issued to Wilson by the Court." (J.A. 43) Accordingly, Petitioner requested that the district court resolve the claims originally raised in his April 23, 1997 habeas petition, in addition to two additional claims raised for the first time in the new motion. *Castro* notwithstanding, the district court construed Petitioner's motion as a second or successive habeas petition, and transferred the motion to this Court to allow Petitioner to seek permission to pursue his claims.

In an unsigned, February 3, 2005 order, this Court agreed with the district court that Petitioner's August 11, 2004 motion was a second or successive habeas petition, and denied Petitioner leave to pursue his habeas claims. The order, however, made no mention of *Castro*, and it is not immediately apparent from the facial language of the order whether the panel considered Petitioner's *Castro* claim before denying him leave to file a habeas petition.

On March 4, 2005, Petitioner filed, in the district court, the *pro se* motion which is now before this Court. In this motion, which Petitioner styled as a motion "for relief from judgment pursuant to 28 U.S.C. Rule 60(B)(6)," Petitioner argues that "[i]n light of *Castro*, this Court erred in construing Mr. Wilson's 1992 letter as a § 2255 motion because the warnings enunciated in *Castro* decision [sic] were not issued to Wilson by this Court." (J.A. 15) Accordingly, the motion asks the district court to reconsider its initial order construing Petitioner's 1997 filing as a second or successive habeas petition.

3

The district court construed Petitioner's motion as a motion seeking relief from a district court judgment pursuant to Fed. R. Civ. P. 60(b). In denying such relief to Petitioner, the district court noted that the arguments presented in Petitioner's latest motion, including his argument that, under *Castro*, he is entitled to have his 1992 letter reclassified as something other than a § 2255 habeas petition, were considered by the Sixth Circuit and rejected in this Court's February 3, 2005 order. Accordingly, the district court held that so long as the February 3, 2005 order stands, a lower court is powerless to grant the relief requested in Petitioner's latest motion. Petitioner now appeals that determination to this Court.

## DISCUSSION

### I.

As a threshold matter, it is unclear just how we should construe the motion at issue in this appeal, and the question of how the motion is construed will necessarily impact any analysis of how the motion should be disposed of. Petitioner styles his *pro se* motion as seeking "relief from judgment pursuant to 28 U.S.C. Rule 60(B)(6)," and the district court accordingly construed the motion as seeking relief under Fed. R. Civ. P. 60(b).

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). In his motion, Petitioner claims that the district court was "in error" when it construed his April 23, 1997 motion as a second or successive habeas petition, and requests that the district court reconsider this decision in light of *Castro*. Noting that Petitioner had already raised his *Castro* claim in the

4

Sixth Circuit, and that we rejected that claim, the district court held that it was powerless to second guess a decision of the Sixth Circuit, and denied Petitioner's request. (J.A. 32–33)

In a letter filed with this Court, the government proposes an alternative means of construing Petitioner's motion. According to the government's letter, under *In re: Nailor*, 487 F.3d 1018 (6th Cir. 2007), a Rule 60(b) motion filed in a habeas case must be construed as a "second or successive § 2255 motion in disguise." Letter from Stephen J. Murphy, United States Attorney to United States Court of Appeals for the Sixth Circuit of June 4, 2007, at 1. As the government concedes in its supplemental brief, however, *Nailor* only applies "when a Rule 60(b) motion attacks . . . the substance of the federal court's resolution of a claim on the merits" 487 F.3d at 1022. When, however, the Rule 60(b) motion alleges "some defect in the integrity of the federal habeas proceedings," then the motion should not be treated as a second or successive habeas petition. *Id.*

In the instant case, Petitioner argues that his federal habeas proceedings are tainted because they misconstrued his 1992 letter as a § 2255 habeas petition. Such a claim alleges a "defect in the integrity of the federal habeas proceedings" themselves; it does not confront the merits of any of the substantive claims raised in his habeas petitions. Accordingly, the district court properly construed Petitioner's motion as a Rule 60(b) motion.

II.

Before we may consider the merits of Petitioner's appeal from the denial of his Rule 60(b) motion, we must first raise the issue of whether or not we have jurisdiction to hear this case. A U.S. Court of Appeals lacks jurisdiction to hear a habeas appeal without a certificate of appealability. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). Such a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, although a circuit judge has authority to grant a certificate of appealability to a habeas petitioner, a petitioner appealing the denial of a § 2255 petition must "apply first to the district court for a certificate of appealability." *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997). In *United States v. Hardin*, we held that a habeas petitioner must also obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion. 481 F.3d at 926.

Petitioner did not apply for a certificate of appealability from the district court. Accordingly, we lack jurisdiction to hear his appeal until Petitioner seeks a certificate of appealability from the district court. *Hardin*, 481 F.3d at 926; *Kincade*, 117 F.3d at 953.

In holding that we lack jurisdiction to hear this appeal, we acknowledge that such a decision appears contrary to the language of 28 U.S.C. § 2253(c)(1). Under § 2253(c)(1), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *Id.* The language of this statute is facially ambiguous as to whether the word "circuit" only modifies the word "justice," thus leaving the word "judge" unmodified and permitting any judge to issue a certificate of appealability, or whether the adjective "circuit" also modifies "judge," thus reserving the power to issue certificates of appealability to circuit judges. *See Lozada v. United States*, 107 F.3d 1011, 1015 (2d Cir. 1997). What is not ambiguous, however, is that a circuit judge does have the power to issue a certificate of appealability. Accordingly, based only on the language of § 2253(c)(1), it appears strange that this Court has held that a petitioner appealing the denial of a § 2255 petition must "apply first to the district court for a certificate of appealability." *Kincade*, 117 F.3d at 953.

6

Section 2253(c)(1) is not the only provision of law governing certificates of appealability, however. Indeed, Fed. R. App. P. 22(b)(1) provides that a habeas petitioner "cannot take an appeal unless a circuit justice or a circuit *or a district judge* issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1) (emphasis added). As the advisory committee notes accompanying Rule 22(b)(1) make clear, the reference to "a district judge" in the language of the rule resolves the ambiguity in § 2253(c)(1)'s statutory language in favor of allowing district judges to issue a certificate of appealability. *See* Fed. R. App. P. 22 advisory committee's note (1998 amendment); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1070 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997), ("[D]istrict courts retain the authority to issue certificates of appealability under the AEDPA.")

We have also interpreted the language of Rule 22 to require habeas petitioners to seek a certificate of appealability from a district court prior to seeking one from a circuit judge. Under Rule 22(b)(1):

> If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

*Id.* In *Lozada v. United States*, the Second Circuit explained that "Rule 22(b) specifies that the district judge who rendered the judgment 'shall' either issue a COA or give reasons for denying one, implying that the district judge is required to be the initial COA decision-maker. If the district judge denies a COA, a request may then be made to a court of appeals. . . . [T]he amended Rule simply

7

sets forth the sequence of applications—first to the district court and then to the court of appeals." 107 F.3d at 1017. In *Kincade v. Sparkman*, the Sixth Circuit adopted the Second Circuit's holding as its own. 117 F.3d at 953.

To be clear, we are extremely skeptical of *Lozada*'s analysis, as the holding in that case contrasts sharply with the statutory language governing certificates of appealability. Section 2253(c)(1) permits a "circuit justice or judge" to issue a certificate of appealability, strongly implying that the power to issue such a certificate rests within the original authority of circuit judges. Nothing in the statutory language suggests that a circuit judge's power to issue certificates of appealability is instead the mere power to review a district judge's denial of such a certificate on appeal. Moreover, we see nothing in the language of Rule 22 which compels the decision reached by the Second Circuit in *Lozada*. To the contrary, Rule 22(b)(2) expressly states that a "request [for a certificate of appealability] addressed to the court of appeals may be considered by a circuit judge or judges, *as the court prescribes*." *Id.* (emphasis added). Such language expressly authorizes the judges of this Court to consider requests for a certificate of appealability; it adds no requirement that the certificate issue only if a district court has first denied a similar request.

Were the jurisdictional issue presented in this appeal one of first impression before the Court, we would hold that a single circuit judge has authority to issue a certificate of appealability in the first instance. Neither the plain language of § 2253(c)(1) nor that of Rule 22 reduces a circuit judge's authority to issue certificates of appealability to the mere authority to review decisions of the district court regarding whether a certificate of appealability should issue.

As much as we may as we disagree with the holdings in *Lozada* and *Kincade*, however, we also must be cognizant that "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision. " *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 689 (6th Cir. 1985); Accordingly, because we are bound by our prior decisions requiring Petitioner to seek a certificate of appealability in the district court before appealing his case to this Court, we conclude that we lack jurisdiction to consider Petitioner's appeal.

## CONCLUSION

Because Petitioner failed to seek a certificate of appealability from the district court, we hereby **DISMISS** this appeal for want of jurisdiction.

No. 06-1926
*United States v. Wilson*

**MERRITT, Circuit Judge, concurring.** In order to allow this court to make a clear ruling on this case, I concur in Judge Clay's opinion; and I agree with his criticism of the *Kincade* and *Lozada* cases. When read in conjunction with the familiar rule of lenity, which we are required to apply in criminal cases, the language of § 2253(c)(1) should not be read as a jurisdictional bar to our consideration of this case on the merits. The language — "a circuit justice or judge" — allows a single circuit judge to allow an appeal in a "habeas" proceeding which includes "a proceeding under section 2255." Our court's previous ruling that we lack jurisdiction unless the request to appeal is first presented to the district court that has denied the petition cannot be squared with the language of § 2253(c)(1).

In addition, based on the record now before us, I can find no compliance with the *Castro* case by the district court, and therefore no procedural bar to deciding petitioner's claim on the merits. The procedural morass created in this and similar cases is just another instance of spinning our back wheels in the mud when we could more easily shift to front wheel drive and decide the case on the merits.

**RONALD LEE GILMAN, Circuit Judge, concurring in the judgment only**. I write separately because I am not prepared to criticize the Second Circuit's decision in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), or this court's binding precedent in *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997). To the contrary, the reasoning in *Lozada* strikes me as persuasive, though I would keep an open mind if and when I were ever properly presented with the question at issue.

But as both of my colleagues acknowledge, we lack the authority to overrule *Kincade*'s holding that Rule 22 of the Federal Rules of Appellate Procedure requires a § 2255 petitioner to seek a certificate of appealability from the district court before applying to a circuit judge. *See* 117 F.3d at 953. The language in the lead opinion criticizing *Kincade* and *Lozada* is therefore dicta, and I see no reason to engage in an extended discussion over a question of law that has been settled in this circuit until such time as either the Supreme Court or this court sitting en banc decides otherwise.