NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0954n.06

Nos. 10-5272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 29, 2012*

LEONARD GREEN, Clerk

ARMANDO RAMIREZ ALBO,                         )
                                              )
        Petitioner-Appellant,                 )       ON APPEAL FROM THE
                                              )       UNITED STATES DISTRICT
             v.                               )       COURT FOR THE EASTERN
                                              )       DISTRICT OF KENTUCKY
UNITED STATES OF AMERICA,                     )
                                              )
        Respondent-Appellee.                  )
                                              )
_____       )

BEFORE:  SILER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge.  Over fourteen years ago, Armando Albo pled guilty in federal court

to possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1).  While

a violation of § 841(a)(1) typically carries a mandatory minimum of 10 years' imprisonment, the

district court sentenced Albo to 20 years' imprisonment, pursuant to § 841(b)(1)(A), because he had

a prior drug conviction.  Albo did not appeal his sentence.  Instead, he filed a *pro se* 28 U.S.C. §

2255 motion and argued, among other things, that his prior drug conviction should not have been

used to enhance his sentence.  The district court rejected that argument, denied Albo's § 2255

motion, and denied Albo a certificate of appealability.  This court also denied Albo a certificate of

appealability.  Years later, Albo filed a *pro se* Rule 60(b) motion, asking the district court to

reconsider its denial of his § 2255 motion and arguing, once again, that his prior drug conviction

should not have been used to enhance his sentence.  Without holding a hearing, the district court

denied that motion on its merits.  Albo now appeals and argues that the district court erred by

denying his Rule 60(b) motion without first holding a hearing to determine whether his sentence was properly enhanced.

Albo's appeal lacks merit. First, because Albo's Rule 60(b) motion attacks the district court's resolution of his previous § 2255 motion, it is a second or successive § 2255 motion and the district court should have transferred the case to this court. Treating his appeal as a motion for permission to file a second or successive § 2255 motion, we deny it because it does not meet the statutory criteria for granting such a motion. Second, even if Albo's Rule 60(b) motion was not an impermissible second or successive § 2255 motion, his appeal is still patently without merit. The district court was not required to hold a hearing in order to rule on Albo's motion to reconsider. Moreover, such a hearing would not have been helpful in this case because it is clear that Albo's prior drug conviction was properly used to enhance his sentence.

I.

In September 1997, Lexington police officers stopped Albo for speeding on Interstate 75. The officers asked Albo if they could search his car and Albo consented. The officers found approximately 7,000 grams of cocaine in a suitcase in the trunk and arrested Albo.

In October 1997, a federal grand jury indicted Albo, charging him with possessing over 5,000 grams of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). App'x 1 at 12. Pursuant to § 841(b)(1)(A), this crime carries a mandatory minimum of 10 years' imprisonment. However, § 841(b)(1)(A) increases the mandatory minimum to 20 years' imprisonment if the defendant was previously convicted of one "felony drug offense," and life imprisonment if the defendant was previously convicted of two or more "felony drug offense[s]." A "felony drug

offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

In November 1997, the Government filed a "Notice of Information Pursuant to 21 U.S.C. § 851," notifying Albo that, in the event of a conviction, the Government intended to seek an enhanced sentence based on Albo's two prior convictions in Florida. App'x 1 at 16. According to the Government's filing, Albo was convicted on May 20, 1992 of possessing cocaine in violation of FLA. STAT. § 893.13(1)(f) and selling, purchasing, or delivering cocaine in violation of FLA. STAT. § 893.13(1)(a) and was sentenced to four and one-half years' imprisonment. *Id.* The Government also stated that Albo was convicted on March 16, 1995 of possessing cocaine in violation of FLA. STAT. § 893.13(6)(a) and was sentenced to seven days' imprisonment. *Id.* Albo did not file a written response to the Government's Notice of Information.

In December 1997, Albo agreed to plead guilty to violating § 841(a)(1). At Albo's rearraignment, the district court brought up the issue of his two prior state court convictions and Albo appeared to take some exception to these convictions being used to enhance his sentence. App'x 3 at 270-88. With respect to Albo's 1995 conviction, his attorney said that "we checked and believe that to be a misdemeanor, which would not count in the enhancement." *Id.* at 277. And with respect to Albo's 1992 conviction, his attorney stated vaguely that

> [Albo] did not have the benefit of what he's gotten here, and he has asked me to attempt to challenge that between today's guilty plea and the sentencing. It is not in any way a denial of guilt here, but because a prior offense may enhance his penalty,

> he has directed me to bring it to your attention and perhaps improper procedures have been applied to him and may be improper in the application. So it's not a denial of guilt.

*Id.* at 280. Nevertheless, Albo acknowledged that if he had previously been convicted of one prior felony drug offense, he was facing a mandatory minimum of 20 years' imprisonment, and if he had previously been convicted of two or more prior felony drug offenses, he was facing a mandatory minimum of life imprisonment. *Id.* at 281. Albo then pled guilty and provided a factual basis to support his plea. *Id.* at 282-85. The district court accepted Albo's guilty plea. *Id.* at 285.

In February 1998, the Government amended its "Notice of Information Pursuant to 21 U.S.C. § 851" and stated that it would no longer rely on Albo's 1995 Florida conviction as a basis for enhancing his sentence. App'x 1 at 58. The Government, however, maintained its reliance on Albo's 1992 Florida conviction, stating that "any mandatory minimum sentence [should] be enhanced on the basis of one prior felony drug conviction instead of two prior felony drug convictions." *Id.* Albo did not object or otherwise respond to the Government's amended Notice of Information.

The probation office prepared a Presentence Report (PSR). The PSR discussed Albo's offense conduct and stated that Albo was facing a mandatory minimum of 20 years' imprisonment, pursuant to § 841(b)(1)(A), because of his 1992 Florida conviction for a felony drug offense.

In March 1998, the district court held a sentencing hearing. App'x 3 at 289. Albo's attorney stated that he and Albo had an opportunity to review the PSR, which was translated into Spanish for Albo, and they had no objections, corrections, or amendments to the PSR. *Id.* at 290-91. The district court then discussed the applicable sentence, noting that "here we have a mandatory sentence of not

less than 20 years, nor more than life, because of the prior conviction." *Id.* at 291. Albo's attorney

agreed that the sentence calculations were correct. *Id.* at 291-92. The district court then sentenced

Albo to 20 years' imprisonment and asked the parties if there was any legal objection to the sentence

as stated. *Id.* at 296. Albo's attorney said that there was not. *Id.* The district court clerk then

advised Albo of his right to appeal. *Id.* at 297. Albo, however, did not appeal.

Instead, in March 1999, Albo filed a *pro se* motion, pursuant to 28 U.S.C. § 2255, to vacate,

set aside, or correct his sentence or, alternatively, for leave to file an untimely appeal. App'x 1 at

74. While briefing the various issues raised in his § 2255 motion, Albo argued that his 1992 Florida

conviction should not have been used to enhance his sentence because he was only convicted at that

time of possessing cocaine and was not also convicted of selling, purchasing, or delivering cocaine,

as was initially stated in the state court's judgment. *Id.* at 108-09. Albo noted that, since his federal

sentencing hearing, the Florida state court corrected its judgment to reflect the fact that Albo only

pled guilty in 1992 to one count of possessing cocaine. App'x 2 at 187-92 (citing Exh. A at 194).

Albo argued that this conviction for possession was a misdemeanor and not a felony and, therefore,

could not be used to enhance his federal sentence. *Id.* at 187-92.

The district court referred Albo's § 2255 motion to a magistrate judge who recommended

that the district court deny the motion. App'x 1 at 134-44. With respect to the sentence

enhancement issue, the magistrate judge found that Albo was properly sentenced to 20 years'

imprisonment under § 841(b)(1)(A) because his 1992 conviction for possessing cocaine was itself

a prior felony drug offense. *Id.* at 138, 140. The district court adopted the magistrate judge's

findings and denied Albo's § 2255 motion. App'x 2 at 206-08. The district court refused to issue

Albo a certificate of appealability, finding that he failed to make a substantial showing that he was denied a constitutional right. *Id.* at 204. In April 2002, this court also denied Albo a certificate of appealability. *Id.* at 214.

Over seven years later, in May 2009, Albo filed a *pro se* Rule 60(b) motion, asking the district court to reconsider its denial of his § 2255 motion. App'x 2 at 218-21. Albo acknowledged that he filed his Rule 60(b) motion in order to challenge the district court's "determination and ruling on his § 2255" motion. App'x 3 at 308. Albo repeatedly referred to his 1992 Florida conviction as an "illegal ruling" and argued that it should not have been used to enhance his sentence because it was only a conviction for possessing cocaine. App'x 2 at 218-21; App'x 3 at 307-09. While Albo conceded that the conviction was a third-degree felony, he attached his correspondence with the Florida state court and asked the district court to "be just and proper in this matter." App'x 2 at 220-21.

Without determining whether Albo's Rule 60(b) motion was even permissible, and without holding a hearing, the district court denied the motion on its merits. R. 91. The district court held that Albo's 1992 "conviction for possession was a proper basis for an enhancement even without the sale conviction because possession is classified as a Class 3 felony. Thus the 'correction' to the Dade County conviction does not affect Albo's sentence in this case." *Id.* at 2-3. The district court then denied Albo a certificate of appealability. R. 93.

Albo appealed the district court's order denying his Rule 60(b) motion. R. 92. In his notice of appeal, Albo again argued that his 1992 Florida conviction should not have been used to enhance his sentence because that conviction was only for "simple possession." *Id.* This court construed

Albo's notice of appeal as an application for a certificate of appealability and granted that application. R. 94.

II.

Because Albo's Rule 60(b) motion attacks the district court's resolution of his previous § 2255 motion, it is a second or successive § 2255 motion. While briefing his original § 2255 motion, Albo argued, among other things, that his 1992 Florida conviction should not have been used to enhance his sentence because he was only convicted at that time of possessing cocaine. The district court rejected that argument and denied Albo's § 2255 motion. Nevertheless, years later, Albo filed a Rule 60(b) motion, asking the district court to reconsider its denial of his § 2255 motion. Albo acknowledged that he filed his Rule 60(b) motion in order to challenge the district court's ruling on his § 2255 motion and argued, once again, that his 1992 Florida conviction should not have been used to enhance his sentence because it was only a conviction for possessing cocaine. Simply put, Albo's Rule 60(b) motion was nothing more than an attack on the district court's earlier resolution of the enhancement issue. And where a Rule 60(b) motion presents an attack on an earlier decision on the merits, it is properly considered a second or successive habeas motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Albo maintains that his Rule 60(b) motion does not seek a reevaluation of the district court's decision on the enhancement issue. Instead, Albo asserts that the motion attacks the integrity of the proceedings below because the district court did not hold a hearing before determining that his sentence was properly enhanced. Albo relies on the Supreme Court's decision in *Gonzalez*, where the Court said that a motion pursuant to Rule 60(b) is an appropriate avenue for relief and is not a

second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[1] *Gonzales*, 545 U.S. at 532. But Albo's Rule 60(b) motion did not simply request a hearing or merely object to the procedures used by the district court. Rather, Albo's motion directly challenged the merits of the district court's ruling on the enhancement issue. Indeed, Albo acknowledged this fact in his reply to the Government's response to his Rule 60(b) motion, saying:

> Petitioner now files a Rule 60(b) challenging the determination made by the Honorable Court in his § 2255. By clear indication of the evidence supporting his Rule 60(b) motion, the Dade County Court of Florida ruled the prior conviction as a simple possession charge, which is not a qualifying prior conviction for 21 U.S.C. § 851 notice of enhancement.
> Therefore, the Petitioner challenges this Honorable Court's determination and ruling on his § 2255, not as the Government's position asserts, i.e. that Petitioner is attacking his Criminal Conviction and not a Civil matter determination. Petitioner disagrees with the Government's position.

App'x 3 at 308. Accordingly, Albo's argument that his Rule 60(b) motion is not a second or successive habeas petition is unavailing.

Since Albo's Rule 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to this court for certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Treating the appeal as a request for certification, we deny it. This court cannot grant permission to file a second § 2255 motion absent a prima facie showing that (1) there is newly discovered evidence which clearly and convincingly exonerates the movant; or (2) the claim relies

---

[1] Although the Court in *Gonzalez* limited its holding to petitions under 28 U.S.C. § 2254, this court in *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007), held that the Court's rationale applied to motions made pursuant to § 2255.

on a new and previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255. Because Albo meets neither of these requirements, he is not entitled to file a second § 2255 motion.

Moreover, even if Albo's Rule 60(b) motion was not an impermissible second or successive § 2255 motion, his appeal is still patently without merit. Albo's only argument is that the district court erred by denying his motion to reconsider without first holding a hearing to determine whether his sentence was properly enhanced. The district court, however, was not required to hold such a hearing in order to rule on Albo's motion to reconsider. Although Albo claims that 21 U.S.C. § 851 required the district court to hold such a hearing, that statute sets forth the proceedings which must occur before sentencing in order to establish a prior conviction for enhancement purposes. *See* 21 U.S.C. § 851. Section 851 does not require a district court to hold a hearing when ruling on either a § 2255 motion or a motion to reconsider simply because the motion challenges the status of a prior conviction as a felony drug offense. In short, Albo's argument that he was entitled to a hearing is without merit.

Also, a hearing would not have been helpful in this case because it is clear that Albo's 1992 Florida conviction for possessing cocaine was properly used to enhance his sentence. Once again, while a violation of § 841(a)(1) typically carries a mandatory minimum of 10 years' imprisonment, § 841(b)(1)(A) increases the mandatory minimum to 20 years' imprisonment if the defendant was previously convicted of one "felony drug offense." A "felony drug offense" is defined as "an offense that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana,

anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added).

Here, Albo concedes that he was convicted of possessing cocaine and that this crime is a felony of

the third degree. *See* FLA. STAT. § 893.13(6)(a).[2] Under Florida law, felonies of the third degree are

punishable "by a term of imprisonment not exceeding 5 years." FLA. STAT. § 775.082(3)(d). Thus,

Albo's conviction for possessing cocaine clearly qualifies as a prior felony drug offense for

enhancement purposes. Understandably, the district court saw no need to hold a hearing in order to

find that Albo's Rule 60(b) motion lacked merit.

Albo argues that it is not clear that his 1992 Florida conviction for possessing cocaine was

punishable by more than one year in prison. Albo claims that in order to make such a finding, the

district court would need to evaluate Florida's sentencing guidelines. But the mere possibility that

Albo might have been sentenced to less than one year in prison under Florida' sentencing guidelines

is irrelevant. Albo's conviction for possessing cocaine was clearly *punishable* by more than one year

in prison and that is what matters when determining whether a conviction qualifies as a prior felony

drug offense for enhancement purposes. *See United States v. Lockett*, 359 F. App'x 598, 602 (6th

Cir. 2009); *United States v. Jemison*, 310 F. App'x 866, 880 (6th Cir. 2009).

Albo's citation of *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), does not advance his

argument. In *Pruitt*, the defendant pled guilty to being a felon in possession of a firearm and

manufacturing marijuana. *Pruitt*, 545 at 417. The district court sentenced the defendant as a career

offender under the federal sentencing guidelines because he had two prior drug convictions in North

---

[2] Albo was convicted in 1992 of violating FLA. STAT. § 893.13(1)(f), but this statute has since been renumbered as § 893.13(6)(a).

Carolina. *Id.* Although the defendant was sentenced to less than one year in prison for each of these prior convictions, the district court found that these convictions still qualified as predicate offenses under the career offender guideline because the relevant North Carolina sentencing statute authorized a sentence of up to 15 months' imprisonment for each conviction. *Id.* at 418. This court vacated the defendant's sentence, however, because under North Carolina's unique structured sentencing scheme, the maximum sentence that the defendant could have received for each of his prior convictions was not simply 15 months' imprisonment, but instead depended on his prior record level—a factor that the district court found to be irrelevant. *Id.* at 419.

This case is easily distinguished from *Pruitt* because it does not involve a statute similar to the North Carolina statute at issue in that case. Here, Albo was previously convicted of possessing cocaine, a felony of the third degree punishable "by a term of imprisonment not exceeding 5 years." FLA. STAT. §§ 893.13(6)(a); 775.082(3)(d). The maximum sentence Albo was facing for that crime did not depend on his prior record or any other factor. Therefore, Albo's reliance on *Pruitt* is misplaced and his suggestion that his sentence may have been wrongfully enhanced is without merit.

III.

For the foregoing reasons, we affirm the judgment of the district court.

**HELENE N. WHITE**, Circuit Judge, dissenting. I respectfully dissent. I do not agree that

Albo's Rule 60(b) motion was a second or successive § 2255 motion. The Government did not so

argue below[3] and, in any event, reconsideration of a § 2255 motion is proper where, as here, the

factual predicate of the Rule 60(b) motion "deals *primarily* with some irregularity or procedural

defect in the procurement of the judgment denying habeas relief." *Smith v. Anderson*, 402 F.3d 718,

723 (6th Cir. 2005) (emphasis added).

Nor can I agree with the majority's alternative holding that Albo's appeal is patently without

merit, as it rests largely on the determination that Albo's 1992 Florida conviction for simple

possession of cocaine was properly used to enhance his sentence. That determination cannot and

should not be made on the record before us. Under the circumstance that the district court never

accorded Albo the mandatory process set forth in 21 U.S.C. § 851[4], I would remand for a hearing

thereunder and a determination whether his sentence was properly subject to enhancement under 21

U.S.C. § 841(b)(1)(A).

---

[3]The Government acknowledged that fact at argument.

[4]Section 851 provides in pertinent part:

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

**I**

Based on a record of 1992 Florida state convictions that later proved inaccurate, the district court enhanced Albo's sentence to twenty years for having one prior "felony drug offense," 21 U.S.C. § 841(b)(1)(A).

Despite his limited english-language skills and that he was proceeding *pro se* from prison, Albo filed a motion in the Florida court requesting correction of its judgment to reflect that he had not pleaded guilty to sale, purchase, or delivery of cocaine but instead had pleaded guilty to simple possession. The Florida circuit court denied his motion, but the district court of appeal granted it. Albo's motion in that appeal stated that his state PSR revealed that he received a 7-day sentence for the 1995 possession-of-cocaine conviction, that both the 1992 and 1995 possession convictions involved a $10 rock of cocaine, and that "under Florida law this is recognized as a misdemeanor." He stated that the plea he had actually entered in 1992 was one of no contest to misdemeanor possession of cocaine alone, with the sentence to run concurrent with the time imposed from the revocation of probation in an unrelated case. App'x at 196-97. The copy of the corrected judgment Albo submitted evidences that the Florida court treated his motion as one "to correct the judgment," that the motion was granted and the judgment corrected to reflect that Albo pleaded only to "Count I possession. He did not plead to sale." App'x at 223. The state court's order correcting the sentence stated: "further the state nolle pros count 2 [sale of cocaine]." App'x at 224. Albo subsequently filed a motion to correct his 1992 *sentence*, i.e., for a recalculation of the Florida state guidelines, to which the state court replied that it had earlier granted that motion. App'x at 225.

Albo then timely filed for § 2255 relief, submitting documentation he had obtained to date of his corrected conviction to the district court. The district court denied his § 2255 motion, but Albo persisted. From prison, he obtained the Florida-sentencing-guidelines worksheet prepared in 1992, and submitted it and other documentation with his *pro se* Rule 60(b) motion for reconsideration. App'x at 226. Albo's motion argued, inter alia, that if Florida authorities had not used the erroneous 1992 <u>sale</u>-of-cocaine conviction to calculate the sentencing guidelines, he would have received a misdemeanor sentence for simple possession of cocaine (one $10 rock).

## II

The district court knew before sentencing Albo that the Government had withdrawn its reliance on the 1995 simple-possession-of-cocaine conviction, which was *under the same statute* as the 1992 possession conviction, because it had been amended to a misdemeanor sentence. Notwithstanding, there is no indication the district court considered Albo's arguments or the documents he submitted in support of his Rule 60(b) motion – the district court's opinion denying that motion states simply that Albo's 1992 possession conviction "was a proper basis for an enhancement even without the sale conviction because possession is classified as a Class 3 felony. Thus, the 'correction' to the Dade County conviction does not affect Albo's sentence in this case." R. 91 at 2-3. This was error because a state's classification of an offense as a felony is immaterial – the question is whether the state crime was punishable by imprisonment of more than one year. *Burgess v. United States*, 553 U.S. 124, 129-32 (2008)[5]; *United States v. Graham*, 622 F.3d 445,

---

[5] *Burgess* held that the term "felony drug offense" contained in § 841(b)(1)(A)'s provision for a 20-year minimum sentence is defined exclusively by § 802(44) and does not incorporate § 802(13)'s definition of "felony."

457-58 (6th Cir. 2010) (quoting *Burgess*, 553 U.S. at 127, "the definition of 'felony drug offense' in 21 U.S.C. § 802(44) controls as the 'exclusive []' definition for purposes of § 841(b)(1)(A)".)

As corrected by the Florida court in August 2000, Albo's 1992 conviction was for possession of a $10 rock of cocaine alone, not sale and possession of cocaine.[6]  Once Albo submitted evidence to the district court of the *corrected* judgment that established that his state sentence had been calculated erroneously on the basis of a sale-of-cocaine conviction, which through Albo's efforts the state court had vacated, the district court should have gone through the procedure required under 21 U.S.C. § 851, particularly in light of the Government's withdrawal of its reliance on the 1995 possession-of-cocaine conviction as a basis for enhancement.  The correction of Albo's 1992 Florida conviction created a conflict with respect to the § 841(b)(1)(A) enhancement in that the 1995 conviction was <u>not</u> a felony drug conviction for enhancement purposes while the 1992 conviction was considered a felony drug conviction warranting enhancement.

In addition to being based on sentencing-guidelines calculated based on the wrong crime, Albo's 4 1/2 year state sentence ran concurrent to the sentence he received in an unrelated burglary and grand theft case for which he was sentenced several days earlier.  Thus, it is not clear that the

---

[6]Effective October 1, 1990, Fla. Stat. § 893.13(1)(f) provided:

> (f) [] It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription . . . or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082 . . .

The maximum statutory penalty for third-degree offenses in 1992 was 5 years.  Fla. Stat. § 775.082.

4 1/2 years for the 1992 convictions was actually for the drug offenses as opposed to a tag-along for the burglary and grand-theft conviction.

The district court did not follow the mandatory procedure of 21 U.S.C. § 851 before imposing sentence[7] or at any time thereafter. Albo's principal argument is that he was never afforded that procedure. Under these circumstances, I would remand for the district court to afford Albo, for the first time, the process to which he is entitled under § 851 and for a determination whether his 1992 conviction for possession of a $10 rock of cocaine *alone* was a proper basis to apply the § 841(b)(1)(A) enhancement mandating a 20-year sentence.

---

[7]The Government so concedes.